24CA1637 Peo in Interest of ALB 03-27-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1637
Douglas County District Court No. 23JV56
Honorable Ben L. Leutwyler III, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of A.L.B. and L.E.B., Children,

and Concerning J.E.B.,

Appellant.

---

JUDGMENT VACATED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE KUHN
Welling and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 27, 2025

---

Jeffrey A. Garcia, County Attorney, Angela Bain, Assistant County Attorney, Castle Rock, Colorado, for Appellee

Jenna L. Mazzucca, Guardian Ad Litem

The Morgan Law Office, Kristofr P. Morgan, Colorado Springs, Colorado, for Appellant

¶ 1 In this dependency and neglect proceeding, J.E.B. (father) appeals the judgment adjudicating A.L.B. and L.E.B. (the children) dependent and neglected. We consider whether the juvenile court had subject matter jurisdiction to adjudicate the children under the Uniform Child-custody Jurisdiction and Enforcement Act (UCCJEA), sections 14-13-101 to -403, C.R.S. 2024. We conclude that the juvenile court failed to conduct the necessary analysis to determine whether it had subject matter jurisdiction. Therefore, we vacate the judgment and remand the case for further proceedings consistent with this opinion.

## I.    Background

¶ 2 The Douglas County Department of Human Services filed a petition in dependency and neglect alleging concerns about physical abuse and domestic violence. The petition alleged that mother had been in Colorado for less than a month; the juvenile court exercised emergency jurisdiction, authorized the filing of the petition, and entered protective orders.

¶ 3 Father consistently challenged the juvenile court's subject matter jurisdiction under the UCCJEA. In response to one of

1

father's motions, the juvenile court entered a brief order determining it had jurisdiction.

¶ 4 The juvenile court presided over an adjudicatory jury trial and, following special verdicts finding the children were dependent or neglected under paragraphs 19-3-102(1)(a), (b), and (c), C.R.S. 2024, it adjudicated the children and adopted a treatment plan for father.

## II. Analysis

¶ 5 Father's sole contention on appeal is that the juvenile court lacked subject matter jurisdiction to adjudicate the children under the UCCJEA.

### A. Standard of Review and Relevant Law

¶ 6 We review de novo whether the juvenile court had subject matter jurisdiction under the UCCJEA. *People in Interest of S.A.G.*, 2021 CO 38, ¶ 21. We defer to a juvenile court's factual findings informing the determination of jurisdiction unless they are clearly erroneous. *Id.*

¶ 7 "Subject matter jurisdiction concerns the court's authority to deal with a class of cases, not its authority to enter a particular judgment within a case that falls within that broad class." *People in*

2

*Interest of T.W.*, 2022 COA 88M, ¶ 27. "Except as otherwise provided by law, the juvenile court has exclusive original jurisdiction in proceedings" concerning children who are dependent and neglected. § 19-1-104(1)(b), C.R.S. 2024. The UCCJEA is one limitation on the court's subject matter jurisdiction in dependency and neglect actions "otherwise provided by law." *S.A.G.*, ¶ 23.

¶ 8        "The primary aim of the UCCJEA is to prevent competing and conflicting custody orders by courts in different jurisdictions" and to "avoid jurisdictional competition over child-custody matters in an increasingly mobile society." *People in Interest of M.M.V.*, 2020 COA 94, ¶ 17. "To effectuate this purpose, [the UCCJEA] establishes a comprehensive framework that a Colorado court must follow to determine whether it may exercise jurisdiction in a child-custody matter or whether it must defer to a court of another state." *Id.*

¶ 9        A juvenile court may exercise temporary emergency jurisdiction when jurisdiction is "necessary in an emergency to protect the child because the child . . . is subjected to or threatened with mistreatment or abuse." § 14-13-204(1), C.R.S. 2024. Temporary emergency jurisdiction is limited in time and scope, and "continues 'only for as long as the emergency exists' or the child

3

remains abandoned." *S.A.G.*, ¶ 30 (citations omitted). A juvenile court exercising temporary emergency jurisdiction may not adjudicate a child dependent or neglected. *People in Interest of A.B-A.*, 2019 COA 125, ¶ 13.

¶ 10  Before adjudicating a child dependent and neglected, the juvenile court must "successfully navigate[] one of the four paths" to non-emergency jurisdiction under section 14-13-201(1), C.R.S. 2024. *S.A.G.*, ¶ 26. When, as relevant here, Colorado is not the home state because neither the child nor a parent lived in Colorado for 182 days immediately before the child-custody proceeding, § 14-13-102(7)(a), C.R.S. 2024, the court must first determine whether another state has home state jurisdiction. *S.A.G.*, ¶ 44. Depending on the home state determination, the court may then conduct a relevant analysis to navigate the other paths to jurisdiction — significant-connection jurisdiction, more-appropriate-forum jurisdiction, and last-resort jurisdiction. § 14-13-201(b)-(d).

## B.  Additional Background

¶ 11  The juvenile court did not make any factual findings relevant to the determination of subject matter jurisdiction under the

UCCJEA, did not conduct any UCCJEA conferences with other courts, and did not elicit specific testimony related to the UCCJEA from the parties.

¶ 12     The Department's petition alleged that the children, then five and six years old, were "living in a motel in Arizona for several months" shortly before the petition was filed. The petition also alleged that the family had histories with departments of human services in South Carolina and Colorado.

¶ 13     At the shelter hearing in September 2023, mother reported that neither she nor the children had resided in Colorado for the required 182 days to establish home state jurisdiction. Mother suggested Anderson County, South Carolina as the appropriate jurisdiction for a UCCJEA conference. Mother later testified that the children were born in South Carolina and lived there continuously until they went to Arizona in June 2023.

¶ 14     At a pretrial conference, father asserted the family was in Arizona for approximately sixty days, from June to August 2023, before mother took the children to Colorado. Father asserted that the family took steps to establish residency in Arizona, but the Department later alleged that mother had not intended to reside in

Arizona.  Father also alleged that mother illegally left Arizona with the children, which, if found true by the juvenile court, would prevent the court from assuming jurisdiction under the UCCJEA. *See* § 14-13-208, C.R.S. 2024 (requiring, with some exceptions, a juvenile court to decline to exercise its jurisdiction when a person "has engaged in unjustifiable conduct").

### C. The Juvenile Court Did Not Properly Determine Jurisdiction Under the UCCJEA

¶ 15    We assume, without deciding, that the juvenile court properly exercised temporary emergency jurisdiction.  However, temporary emergency jurisdiction must be limited and "may not last until the [juvenile] court can enter an adjudicatory order finding a child dependent and neglected."  *People in Interest of M.C.*, 94 P.3d 1220, 1225 (Colo. App. 2004).  We turn, then, to whether the juvenile court properly navigated one of the four paths to non-emergency jurisdiction.

¶ 16    The juvenile court initially determined that it had subject matter jurisdiction under section 19-3-201(1)(a), C.R.S. 2024.  But section 19-3-201(1)(a) concerns venue, and "subject matter jurisdiction and venue analyses serve different purposes and ask

different questions." *Nelson v. Encompass PAHS Rehab. Hosp., LLC*, 2023 CO 1, ¶ 22. After making this determination, the court ordered father to "file some type of motion challenging jurisdiction" if he wanted to challenge the finding.

¶ 17    Father then filed a Motion to Deny Jurisdiction under the UCCJEA. In response, the juvenile court issued its brief order finding it had jurisdiction:

> The Court continues to find the Court has jurisdiction not only based upon Respondent[] Mother's admission which resulted in the Children's adjudications being entered and the Order issued on November 17, 2023 but the Court further finds the Court has proper jurisdiction pursuant to C.R.S. 19-1-104(1)(b) and (2); 19-3-102; 19-3-201(1)(a); and for the reasons stated in the [Department]'s Response filed on 12/28/2023 which [is] adopted and incorporated herewith.

¶ 18    Father contends, and we agree, that the juvenile court's order is insufficient to establish subject matter jurisdiction under the UCCJEA.

¶ 19    First, a parent's admission, and the subsequent adjudication of a child as dependent or neglected, establishes personal jurisdiction (i.e., the "court's authority to enter orders that bind particular persons"), not subject matter jurisdiction. *See T.W.*,

¶¶ 30-31, 33.  Importantly, a juvenile court may not properly adjudicate a child dependent or neglected unless and until it navigates a path to non-emergency jurisdiction under the UCCJEA. *A.B-A.*, ¶ 13.

¶ 20    Second, the statutes listed by the juvenile court are not relevant for determining subject matter jurisdiction under the UCCJEA.  As discussed above, any jurisdiction conferred by section 19-1-104 is limited under the UCCJEA.  *S.A.G.*, ¶ 23 (The UCCJEA "prescribes the circumstances under which jurisdiction that otherwise is conferred by constitution or statute can be exercised in a given case.") (citations omitted).  Once the UCCJEA is raised, the department bears the burden of demonstrating subject matter jurisdiction under the statutory guidelines in the UCCJEA.  *A.B-A.*, ¶ 14.  The juvenile court may not rely on other jurisdictional grants within the Children's Code until jurisdictional questions under the UCCJEA are resolved.  That did not occur in this case.  Section 19-3-102 sets out the criteria for adjudication, which, as explained, provides personal, but not subject matter jurisdiction.  And as discussed above, section 19-3-201(1)(a) provides guidelines for

determining venue, not subject matter jurisdiction. *See T.W.*,
¶¶ 30-31, 33.

¶ 21    The Department and child's guardian ad litem contend that, these errors notwithstanding, the juvenile court made appropriate findings under the UCCJEA with its blanket adoption and incorporation of the Department's arguments in the order denying father's motion. We disagree.

¶ 22    As the Department now concedes, its response to father's motion to deny jurisdiction was contradictory and, at least one of its arguments — that the court could not confer with any court in South Carolina because there was no custody order there — was "inconsistent with the law." *See S.A.G.*, ¶¶ 53-56. As a result, the juvenile court's wholesale adoption of the Department's response — with its alternative and contradictory arguments for jurisdiction — gives us no basis to understand its reasoning.

¶ 23    Additionally, the Department's response to father's motion was silent on father's claim that mother "engaged in unjustifiable conduct" by bringing the children to Colorado without his consent. If mother had engaged in unjustifiable conduct, the juvenile court would be required to decline to exercise jurisdiction unless it found

one of the narrow exceptions applied to this case. § 14-13-208. But because the juvenile court failed to inquire of the parties or make factual findings about mother's alleged unjustifiable conduct, we cannot determine if unjustifiable conduct occurred, or if one of the exceptions applies. Incorporating the Department's response was insufficient to cure this problem. Thus, the court's order failed to include findings required by section 14-13-208.

¶ 24 Finally, the Department's response to father's motion asserted that mother did not intend to relocate from South Carolina to Arizona. This assertion leaves open the possibility that South Carolina remained the children's home state. South Carolina, like Colorado, retains home state jurisdiction during periods of "temporary absence." S.C. Code Ann. § 63-15-302(7) (2008). If South Carolina is determined to be the children's home state, then the juvenile court in Colorado must communicate with the proper court in South Carolina, even though there was no child custody proceeding there. *S.A.G.,* ¶ 52.

¶ 25 However, the juvenile court here didn't inquire, develop a record, or make findings relevant to determining the children's

home state. It therefore erred by determining it had subject matter jurisdiction. *See People in Interest of C.L.T.*, 2017 COA 119, ¶ 9.

¶ 26 The remedy when the record "tend[s] to suggest that a court didn't have non-emergency UCCJEA jurisdiction" or when a court fails to analyze whether another state has home state jurisdiction is to "vacate the trial court's order . . . and remand [the] case for the trial court to conduct a full analysis under Colorado's UCCJEA, section 14-13-201." *People in Interest of B.H.*, 2021 CO 39, ¶ 40; *S.A.G.*, ¶ 45.

¶ 27 Additionally, we are aware that mother does not join father in challenging the juvenile court's jurisdictional findings on appeal. Nonetheless, adjudications of dependency and neglect relate only to the status of the children, not the status of parents. *People In Interest of M.H-K.*, 2018 COA 178, ¶ 58. Because the juvenile court did not properly determine whether it had subject matter jurisdiction under the UCCJEA, the error in this case renders the adjudications void, *see In re Water Rights of Columbine Ass'n*, 993 P.2d 483, 488 (Colo. 2000), and it "appl[ies] equally to both parents," *M.H-K.*, ¶ 58.

## III. Disposition

The adjudications of the children as dependent and neglected as to both mother and father are vacated, and the case is remanded for further proceedings. On remand, the juvenile court must conduct a full analysis of its non-emergency jurisdiction and make appropriate findings under the UCCJEA. *S.A.G.*, ¶ 45. This must include determinations of (1) the children's home state, if any; (2) whether or not mother "engaged in unjustifiable conduct" as contemplated by section 14-13-208 and, if so, whether one of the exceptions in the statute applies; and (3) a statutory path to non-emergency jurisdiction, if warranted.

JUDGE WELLING and JUDGE SCHUTZ concur.